**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MADELINE CECILIA ROMERO ALAS, | No. 22-280 |
| Petitioner, | Agency No. A206-679-393 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2023**
San Francisco, California

Before: S.R. THOMAS, BEA, and BENNETT, Circuit Judges.

Petitioner Madeline Cecilia Romero Alas is a native and citizen of El

Salvador. She petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing her appeal from the Immigration Judge's ("IJ") order

denying her applications for asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252, and we review factual findings by the BIA or IJ for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We deny the petition for review.

As to the withholding claim, substantial evidence supports the finding that Petitioner has not demonstrated a nexus between her past persecution and any particular social group.[1] Even assuming one of Petitioner's proposed particular social groups is cognizable, *see Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015) (noting that "the family remains the quintessential particular social group" (citation omitted)), the record does not show that Petitioner's membership in such a group was "a reason" for her persecution, *see Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017) (explaining that the withholding statute uses only "a reason" in contrast to the asylum statute, which uses "one central reason").[2] Petitioner testified that she believes the gang targeted her for extortion "[b]ecause they knew that [she] worked" and because her commute gave her a predictable schedule. And although Petitioner's uncle

---

[1] Although "past persecution triggers a rebuttable presumption of a well-founded fear of future persecution," *Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1073 (9th Cir. 2004) (citation omitted), Petitioner has also not demonstrated a nexus to a protected category in the context of a well-founded fear of future persecution. *See Sanjaa v. Sessions*, 863 F.3d 1161, 1164–65 (9th Cir. 2017) (denying relief where petitioner had demonstrated past persecution but not a nexus to a particular social group or to political opinion).

[2] As Petitioner has not met the more lenient nexus standard for withholding of removal, she necessarily has not met the stricter nexus standard for asylum: that membership in any particular social group was "at least one central reason for" her persecution. 8 U.S.C. § 1158(b)(1)(B)(i).

was murdered by gang members, there is no evidence connecting this murder to the gang's extortion of Petitioner. As the IJ identified, Petitioner's extortion was "attenuated by both time and space to [the] murder, which is strong circumstantial evidence that they are unrelated." *See Deloso v. Ashcroft*, 393 F.3d 858, 865–66 (9th Cir. 2005) (assessing circumstantial evidence of persecutor's motives).

Petitioner has also not established eligibility for relief under CAT. The record evidence does not compel the conclusion that it is more likely than not that she would suffer harm rising to the level of torture by government officials or private actors with government acquiescence if she were returned to El Salvador. The harm Petitioner experienced when threatened by gang members did not rise to the level of torture, and she has not demonstrated a likelihood of future torture. *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) ("Torture is 'more severe than persecution.'" (citation omitted)); 8 C.F.R. § 1208.18(a)(1) (defining torture).

Finally, Petitioner's claim that IJ did not have subject matter jurisdiction because her Notice to Appear lacked the time and place of proceedings is unexhausted, and the government has properly raised that it is unexhausted. *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1110 (2023) (holding the exhaustion requirement is a non-jurisdictional claim-processing rule); *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019) (explaining that a court must enforce a claims-processing rule "if a party 'properly raise[s]' it" (alteration in

original) (citation omitted)).  And even had Petitioner raised her claim to the BIA, the claim is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1191–92 (9th Cir. 2022) (en banc).

**DENIED.**